UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22271-CIV-HUCK/SIMONTON

TERESA OROSA,

    Plaintiff,

v.

AMERICAN AIRLINES, INC.,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS

Presently pending before the Court is Plaintiff's Motion For Sanctions (DE # 67). This motion is referred to the undersigned Magistrate Judge (DE # 68). This motion is fully briefed (DE ## 69, 70, 71, 75). For the reasons stated below, the motion is granted in part and denied in part.

I. Background

This case settled during trial, on February 22, 2007, and the settlement was placed on the record. As part of the settlement, Defendant agreed to pay, within 30 days, the settlement amount of $125,000.00.

II. The Instant Motion

On April 3, 2007, Plaintiff filed a motion for sanctions, alleging that the settlement amount had been due on March 24, 2007, and that Defendant had not paid the settlement amount. Plaintiff, citing *F.I.T, Aviation, Inc. v. Gleason*, 510 So.2d 1217 (Fla. 5th Dist. Ct. App. 1987), requested the following sanctions: 1) interest from the date of settlement; 2) the attorney's fees incurred in bringing the motion for sanctions; and 3) the entry of a final judgment against Defendant and its insurance carrier (DE # 67). On April 16, 2007, Plaintiff filed a notice stating that she had called Defendant's counsel and had written

**Defendant's counsel regarding the non-receipt of the funds, but that she still had not received the settlement amount (DE # 69).**

**On April 17, 2007, Defendant filed its opposition to Plaintiff's motion for sanctions. In its opposition, Defendant asserted that the settlement amount was due on March 26, 2007, the first business day following the 30-day period to pay the settlement amount, but admitted that it had not timely paid the settlement amount. Defendant, citing *F.I.T. Aviation, Inc. v. Gleason*, 510 So.2d 1217 (Fla. 5th Dist. Ct. App. 1987), also conceded that it owed interest from the date the settlement amount was due, and agreed to pay Plaintiff interest from March 26, 2007 through the date on which the settlement check was delivered to Plaintiff's counsel, at the rate of 11% per year, or .0003014 per day, pursuant to Fla. Stat. § 55.03(1). Defendant noted that Plaintiff had not provided any support for her contentions that 1) she should be awarded interest from the date of the settlement; 2) she should be awarded attorney's fees; and 3) a final judgment should be entered against Defendant. Defendant asserted that the settlement check had been mailed to its counsel the previous day, and Defendant's counsel represented that, on receipt, he would immediately deliver the settlement check to Plaintiff's counsel (DE # 70). On April 23, 2007, Defendant filed a notice of compliance with the settlement agreement in which its counsel stated that, on that same day, the settlement check had been hand delivered to Plaintiff's counsel (DE # 71).**

**Pursuant to this Court's April 24, 2007 Order (DE # 72), the parties conferred regarding resolution of the remaining issues relating to the motion for sanctions, and Plaintiff subsequently filed its reply in support of its motion for sanctions (DE # 75). In the reply, Plaintiff reiterated her position that the payment of the settlement amount was due on Saturday, March 24, 2007, and not on the next business day, Monday, March 26,**

2007, as asserted by Defendant. Plaintiff further stated that when Defendant delivered the settlement amount Defendant did not include any interest. Plaintiff requested interest at 11% per year for the 30-day period from March 24, 2007 through April 23, 2007. Plaintiff also contended that she should be awarded the attorney's fees incurred in making this motion due to Defendant's bad faith in delaying the payment of the settlement amount (DE # 75).[1]

### III. Analysis

#### A. Defendant Shall Pay Plaintiff Interest For Paying the Settlement Amount 28 Days Late

The parties are in agreement that Defendant should pay interest to Plaintiff, at a rate of 11% per year, for the period during which Defendant was late in paying the settlement amount to Plaintiff. Plaintiff contends that Defendant owes 30 days interest, in that the payment was due on Saturday, March 24, 2007, the last day of the 30-day period to pay the settlement amount, and the payment was not actually made until April 23, 2007. Defendant contends it owes 28 days interest, in that the payment was due on Monday, March 26, 2007, the first business day after the 30-day period to pay the settlement amount, and the payment was made on April 23, 2007.

The undersigned finds that the settlement payment was due on Monday, March 26, 2007, the first business day after Saturday, March 24, 2007, the expiration of the 30-day period to pay the settlement amount. This result is based on Fed.R.Civ.P. 6(a), which provides that when the last day of a computed period falls on a Saturday, a Sunday or on a legal holiday, the last day of the computed period becomes the next

---

[1] On April 24, 2007, Plaintiff filed an Amended Motion for Sanctions in light of Defendant's payment of the settlement amount (DE # 73). The undersigned denied the motion without prejudice (DE # 74).

business day.  *Accord* Local Rule 7.1 C. 1.  Therefore, on or before June 11, 2007, Defendant shall pay Plaintiff pay $1,054.79, representing 28 days interest on the settlement amount of $125,000.00, at a rate of 11% per year or .0003014 per day.

    B.  **Plaintiff's Request For Attorney's Fees Is Denied**

Plaintiff, relying on *North County Co., Inc. v. Bologna*, 816 So.2d 842 (Fla. 4th Dist. Ct. App. 2002), requests an award of the attorney fees incurred in making the instant motion based upon Defendant's alleged bad faith in paying the settlement amount late. In support of her position, Plaintiff relies on: 1) Defendant's failure to respond to Plaintiff's March 29, 2007 letter concerning the payment of the settlement amount; 2) Defendant's failure to explain why it did not respond to this letter; 3) Defendant's failure to provide a date certain for paying the settlement amount after Plaintiff filed the instant motion, 4) Defendant's failure to deliver the settlement amount until April 23, 2007; 5) Defendant's failure to include any interest with the settlement amount; and 6) Defendant's assertion that it had complied with the settlement agreement, when it did not timely pay the settlement amount.

Plaintiff's request for attorney's fees is denied.  The facts relied on by Plaintiff do not rise to the level of bad faith and/or egregious conduct necessary to award attorney's fees.  Indeed, the undersigned finds that the record contains no evidence of bad faith, but merely indicates that Defendant paid the settlement amount late with little or no explanation, and that Defendant has agreed to pay interest for the period between the date the amount was due and the date the amount was paid.

Moreover, Plaintiff does not assert that the settlement agreement requires Defendant to pay the requested attorney's fees.

Therefore, for the reasons stated above, it is hereby

**4**

**ORDERED AND ADJUDGED** that Plaintiff's Motion For Sanctions (DE # 67) is **GRANTED in part**, as stated in the Order. On or before June 11, 2007, Defendant shall pay Plaintiff $1,054.79, representing interest on the settlement amount of $125,000.00 for the 28 day period from March 26, 2007 through April 23, 2007, at the rate of 11% per year. Plaintiff's request for attorney's fees is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida on May 10, 2007.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Paul C. Huck,
    United States District Judge
All counsel of record